Freddie ROBINSON, Plaintiff–
Appellant,

v.

SOCIAL SECURITY ADMINISTRA-
TION, Commissioner William S.
Halter,* Defendant–Appellee.

No. 99–16145.
D.C. No. CV–98–01336–MJJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2001.

Decided March 19, 2001.

* William S. Halter is substituted for his prede-
cessor, as Commissioner of the Social Securi-
ty Administration.   Fed. R.App. P. 43(c)(2).

Before SCHROEDER, Chief Judge, WALLACE and TALLMAN, Circuit Judges.

### MEMORANDUM **

The Commissioner of Social Security upheld an administrative law judge's (ALJ) decision to deny Freddie Robinson's claim for disability benefits and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. The district court, on appeal, granted the Commissioner's motion for summary judgment. Robinson appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The ALJ found at Step Two that Robinson's impairments were severe, but did not meet or equal the Listing of Impairments described in Appendix 1 at the Step Three determination. The ALJ concluded at Step Four that Robinson could perform past relevant work as a security guard and consequently denied his claim for benefits.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

On appeal, Robinson challenges the ALJ's determinations at Steps Three and Four. He asks this panel to remand this case with an order to award benefits.

Robinson first asserts that the ALJ improperly concluded that his impairments did not meet or equal the criteria in one of the impairments listed in the Listing of Impairments. Robinson does not state which impairment in the Listing he might meet or equal, nor does he state how his impairment meets or equals a listed impairment. He challenges the process by which the ALJ came to its conclusion.

█ An ALJ's summary of the claimant's medical evidence with specific findings as to why the claimant failed to meet the Listing of Impairments is sufficient. *See Gonzalez v. Sullivan,* 914 F.2d 1197, 1200 (9th Cir.1990). The ALJ is not required to explain why a claimant failed to satisfy every section of the Listing. *Id.*

█ In this case the ALJ summarized Robinson's medical evidence. The ALJ found that Robinson failed to meet or equal an impairment in the Listing because "[n]o treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." The record and the ALJ's decision demonstrate that the ALJ considered all of Robinson's impairments in issuing the decision. Although the ALJ's specific findings at Step Three were rather sparse, Robinson has not offered any theory as to what sort of listed impairment his impairments might meet. *See Lewis v. Apfel,* 236 F.3d 503, 514 (9th Cir.2001).[1] We therefore conclude that the ALJ did not err in the Step Three determination.

Robinson next challenges the ALJ's Step Four determination that Robinson was capable of performing his past work as a security guard.

█ In determining a claimant's residual functional capacity, the ALJ must consider whether a claimant's impairments may disable him to such an extent that he is unable to perform available work. *Light v. Social Security Administration,* 119 F.3d 789, 793 (9th Cir.1997). The residual functional capacity determination is not a medical determination that must be performed by a doctor as Robinson asserts. The determination must be made by the ALJ based upon medical information in the record plus all other record evidence, including the claimant's assessment of what type of work he can perform. 20 C.F.R. § 404.1545(a); *Light,* 119 F.3d at 793; *Matthews v. Shalala,* 10 F.3d 678, 681 (9th Cir.1993).

█ In this case, the ALJ was entitled to consult the DED assessment, despite the fact that it was made before the alleged onset date. Robinson has offered no caselaw support for the proposition that the ALJ was not allowed to consult assessments made prior to the alleged onset date. Moreover, the record contained little evidence that Robinson's condition had significantly deteriorated in the time after the assessment was made. The medical evidence from the covered period showed that Robinson's condition essentially remained the same as it was when the DED assessment was performed.

Robinson asserts that the ALJ acted improperly in crediting some of his testi-

---

1. The alleged conflict in evidence that Robinson complains was not resolved by the ALJ is not a conflict at all. The ALJ found with regard to Robinson's pulmonary emphysema that "while physical examination of the ... heart and lungs have been normal ... chest X-rays have shown evidence of bilateral gen-

eralized pulmonary emphysema ... and an EKG was abnormal in February 1996 ...." This statement did not contradict itself. Rather the ALJ was concluding that the X-rays and EKG showed some heart impairment despite the fact that some of Robinson's heart and lung examinations were normal.

mony, but not other testimony. For example, Robinson testified that he had begun to use a cane for walking and that he could not perform his past work as a security guard due to his dependency on the cane. The ALJ implied that those portions of his testimony were not credible.

■ "To find the claimant not credible the ALJ must rely either on reasons unrelated to the subjective testimony (e.g., reputation for dishonesty), on conflicts between his testimony and his own conduct, or on internal contradictions in that testimony." *Light*, 119 F.3d at 792. Robinson did not offer any evidence that the use of the cane was medically necessary. In fact, the discharge summary from Robinson's hospital visit in January 1995 showed that he was "fully ambulatory" and could return to work in two weeks. Moreover, the evidence showed that Robinson did not always use his cane. From this the ALJ could find Robinson's testimony that he could not walk without the cane was not credible. *See also Matthews*, 10 F.3d at 680.

■ In the residual functional capacity assessment, the ALJ concluded that Robinson was able to stand, sit, or walk for ten to fifteen minutes before he needed to change positions, and that he could lift up to twenty pounds. Because the ALJ used the DED assessment plus the subsequent medical reports from the hospital visit and doctor's visits, the ALJ did not err in making this residual functional capacity assessment.

■ Finally, Robinson challenges the ALJ's finding that he could return to a job as a security guard. Robinson asserts that the ALJ did not gather sufficient documentation to support his past relevant work finding. In determining what the past relevant work entailed, the ALJ may rely on general descriptions of that type of work in the national economy, or the claimant's descriptions of the past work he performed. *See* 20 C.F.R. §§ 404.1520(e) & 416.920(e). *See also Matthews*, 10 F.3d at 681.

The ALJ relied primarily on Robinson's description of his security job in making the past relevant work determination. Robinson stated that he was to monitor screens, which could be done sitting or standing. Once every two hours he would make walking rounds for ten to fifteen minutes, carrying a clipboard. This evidence was sufficient for the ALJ to find that Robinson could work as a security guard.

## CONCLUSION

We conclude that the district court properly granted summary judgment in favor of the Commissioner because the ALJ's decision to deny benefits was based on substantial evidence in the record as a whole.

AFFIRMED.